UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR CARSON,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW INC.,<br><br>Defendants. | CASE NO. 2:26-cv-00108-JHC<br><br>ORDER |

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. # 20. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, the Court GRANTS the motion and GRANTS IN PART leave to amend.

A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556). "When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And if a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Plaintiff brings multiple claims, and the Court considers each, assuming the truth of all materials alleged in the complaint. First, the Court agrees with Defendants that Plaintiff, a private individual, cannot bring an enforcement action under the Federal Trade Commission Act, 15 U.S.C. § 45, which does not allow for a private right of action. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (holding "private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [the remedial provision of § 45] . . . The Act rests initial remedial power solely in the Federal Trade Commission") (citing *Carlson v. Coca-Cola Co*., 483 F.2d 279 (9th Cir. 1973). Nor can Plaintiff bring a claim against the private Defendants under the Privacy Act of 1974, which allows only for causes of action against federal agencies. *See* 5 U.S.C. § 552a(a)(1); 5 U.S.C. § 552(f); *see also Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state agencies, private entities, or state and local officials" (emphasis removed) (citing *Unt v. Aerospace Corp*., 765 F.2d 1440, 1447 (9th Cir. 1985)). For these reasons, claims under the Federal Trade Commission Act and the Privacy Act of 1974 must be dismissed and cannot be remedied with leave to amend.

Second, for the reasons presented by Defendants at Dkt. # 20 at 7-11, 12-14, the Court agrees that Plaintiff has failed to plead that Defendants took action that may invoke liability under the Fair Credit Reporting Act and failed to assert grounds upon which "online privacy act" claims or declaratory or injunctive relief may rest, and therefore Plaintiff has failed to plead any remaining claims. Separately, as Defendants say, Plaintiff's general allegations of fraud do not satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). *See* Dkt. # 24; Dkt. # 27 at 3. Thus, the Court dismisses the remaining claims with leave to amend.

B. Service on Defendant Gonzales

Defendants also say the actions against Defendant Gonzales must be dismissed under Rule 12(b)(5) for insufficient service of process. Dkt. # 20 at 2 n.1. When a defendant challenges the validity of service, the plaintiff ordinarily bears the burden of establishing that service was proper. *See Internet Solutions*, 509 F.3d at 1165 (recognizing that "the plaintiff generally has the burden to establish jurisdiction"). A signed return of service is prima facie evidence of valid service that may be overcome only by strong and convincing evidence. *Id.* at 1166.

Plaintiff has provided a signed return of service, but as Defendants say, the service was rendered solely to an address for Zillow's registered agent who is not a registered agent for individual Defendant Gonzales. *See* Dkt. # 16-1. This is not proper service under Federal Rule of Civil Procedure 4. *See, e.g.*, *Brooks-Joseph v. City of Seattle*, 2023 WL 5822276, at *2-3 (W.D. Wash. Sept. 8, 2023) (finding service on employer which is not authorized agent of the individual defendants is not sufficient service even where individual purportedly accepted service on behalf of all defendants); *Stephens v. UW Med.*, 2025 WL 1089524, at *1 (W.D. Wash. Apr. 7, 2025) (finding "service is insufficient when a copy is left only at a place of

employment"). Thus, for the reasons listed by Defendants, Dkt. # 20 at 2 n.1, proper service has not been rendered to Defendant Gonzales. *See also* Dkt. # 16-1.

Neither party briefed the proper remedy where service has not been rendered. *See generally* Dkt. ## 20, 21, 22, 24, 27. There are two "avenues for relief" provided by Rule 4(m) where service did not comply with the rule. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The Ninth Circuit has explained, the first avenue provided by Rule 4(m) "is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198 (internal citations omitted). Plaintiff did not show good cause. *See* Dkt. ## 21, 24. Thus, the Court considers if a discretionary extension is warranted.

To determine whether neglect was excusable, the Court conducts the equitable analysis specified in *Pioneer* by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The Court finds each factor in Plaintiff's favor and thus provides him additional time to render service in compliance of Rule 4.

* * *

For these reasons, the Court: (1) DISMISSES the 15 U.S.C. § 45 and Privacy Act of 1974 claims with prejudice; and (2) DISMISSES the remaining claims without prejudice. Any amended complaint must be filed on or before Wednesday, October 6, 2026. The Court further DIRECTS Plaintiff to properly serve Defendant Gonzales in accordance with Rule 4 by October 6, 2026, or suffer dismissal of all claims against her.

Dated this 22nd day of September, 2026.

John H. Chun

John H. Chun
United States District Judge